### MILLER *vs.* COHEA.

It is not necessary to prove the defendant's signature to a note unless it be specially denied.

APPEAL from the court of the parish and city of New-Orleans.

To this suit, which was brought on a promissory note, the defendant pleaded prescription and the general issue. On the trial of the cause the plaintiff offered in evidence the note sued on, without adducing any proof of the defendant's signature. The latter objected to its ad-

mission, but was overruled by the court on the groud that the answer of the defendant precluded the necessity of proving the execution of the note. There was a verdict and judgment for the plaintiff and the defendant appealed.

*Conrad* and *Egnew*, for appellant.

*Preston*, for appellee, made the following points:

1. It was unnecessary to prove the signature of the defendant, he not having formally denied the same. C. C. art. 2240, 2241; C. P. art. 324, 325.

2. The plea of prescription offered by the defendant is founded on the genuineness of the instrument sued on, and is inconsistent with a denial of its genuineness.

MATHEWS, J. delivered the opinion of the court. This is a suit on a promissory note, wherein the plaintiff obtained judgment and the defendant appealed.

The principal question in the cause arises on a bill of exceptions taken to the opinion of the court below, by which the note was allowed to be given in evidence to the jury without proof of the signature of the defendant.

Eastern District.
*June*, 1830.

MILLER
*vs.*
COHEA.

The answer contains the general issue and a plea of prescription. In support of the latter, reliance is had on the provisions of the *Louisiana Code*. But they afford no aid to the appellant, as may be seen by referring to the judgment in the case of the *Union Cotton Manufactory* vs. *Lobdell*, 7 *Martin, n. s. p.* 108.

As there is no specific denial of the signature to the note by the defendant, the solution of the question made by the bill of exceptions depends on a just interpretation of the *art.* 2240 of the *Louisiana Code*, and the

It is not necessary to prove the defendant's signature to a note unless it be specially denied.

*arts.* 324, 325 and 326 of the *Code of Practice*. These laws have already received a construction from this court unfavorable *to the* pretensions of the defendant, and no reasons have been adduced in the present case sufficiently forcible to produce a change in our opinion, as expressed in that of *Hughs* vs *Harrison & wife*, reported in 8 *Martin, n. s. p.* 297.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.